## PRINCE PLAIR V. THE STATE.

No. 9373.   Delivered November 4, 1925.

Rehearing denied State January 27, 1926.

### 1.—Theft—Jury—Voir Dire Examination—Error to Deny.

Where the trial court, after counsel for the appellant had questioned a few jurors on their voir dire examination denied to appellant the right to continue the voir dire examination of the remainder of the array, and the court himself then propounded questions collectively to the remaining jurors, of the same character as those previously propounded by appellant, an error was committed which denied to appellant a valuable and constitutional right, necessitating the reversal of the case.   See Art. 4 and 692, Vernon's C. C. P.; Reich v. State, 251 S. W. 1072 and other cases cited.

### 2.—Same—Continued.

While it is well settled that within reasonable limits the questions to be asked a jury on their voir dire examination and the scope of that examination is within the control of the trial court. it is also well settled that his discretion in the matter has limitation, and when it is abused, his ruling will be corrected on appeal.   We think no case can be found in this State where it has been held permissible for the trial court to refuse to allow counsel to examine the jurors individually, as to their qualifications.   See Reich v. State, 251 S. W. 1072 and other cases cited.

#### ON REHEARING

### 3.—Same—Voir Dire Examination—Cannot be Denied.

In a very able motion for rehearing the State challenges the correctness of our original opinion. In his analysis of numerous cases, counsel for the State has failed to note the distinction between the procedure with reference to a peremptory challenge, and a challenge for cause.   Broad latitude is permitted in his examination, in testing the proposed juror, to enable the accused to exercise intelligently his peremptory challenges. See Belcher v. State, 96 Tex. Crim. Rep. 383 and other cases cited.

### 4.—Same—Continued.

While it is well settled that the trial court has the right to control the examination, and keep it within proper limits, we cannot agree that the trial judge may for any cause take from the accused, through his chosen counsel, the right to examine individually each juror tendered to him, both for the purpose of presenting challenges for cause, and to intelligently use the peremptory challenges given him by our statute. Being unable to agree with the contentions of the State, the motion for rehearing is overruled.

Appeal from the District Court of Kaufman County. Tried below from the Hon. Joel R. Bond, Judge.

Appeal from a conviction of theft, penalty three years in the penitentiary.

*M. F. Cate, Morris Brin,* and *Grady Niblo,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Kaufman County for the offense of theft, and his punishment assessed at three years confinement in the penitentiary.

The record is very voluminous but we do not deem it necessary to discuss but one question raised for the other matters complained of may not occur in the same form in the event of another trial. By bill of exceptions No. 1 appellant complains at the action of the court in refusing to permit him to individually examine each of the jurors in order that he might intelligently exercise his peremptory challenges. Appellant especially complains that the court refused to permit him to ask each of the jurors separately if he would require the State to prove the defendant's guilt beyond a reasonable doubt before he would convict and on his refusal to permit counsel to ask each of the jurors as to whether they had any prejudice against the defendant because he is of the negro race, and if they would each try the case and give him the same fair and impartial trial as they would a white man similarly charged.

By bill No. 2, appellant complains because the court refused to permit him to ask each of the jurors separately and individually as to whether they knew W. C. McCord, the alleged injured party or Mr. Davis, manager of the store from which the goods were stolen and in his refusal to permit him to ask them if they did know them would the fact that the goods alleged to have been stolen in the indictment in this case was the property of these parties in any manner influence the jury in arriving at a fair verdict in the case, and in refusing to permit him to ask the individual jurors if they had any knowledge of the facts in the case or of the facts growing out of the case which might affect the jurors in being perfectly fair.

Bill of exceptions No. 3 complains because the court refused to permit him to ask each juror individually if he believed in the suspended sentence law as the same is now upon the statutes of the State and to ask them if they would give the defendant the suspended sentence if he met the requirements of the said statute and if they believed him justly entitled to the same. The court's qualification to each of these bills is to the effect that appellant's counsel was questioning the jurors individually and separately and questioned four or five jurors and consumed a very great length of time and at the rate he was questioning it would have required much more than the whole day to complete the panel and that the court made a note of every question asked the jurors by the attorney and in the interest of time and the patience of the court, propounded the same questions to the jurors collectively with an admonition that the questions were directed to each individually and for anyone to speak up and answer which was done.

We think the learned trial judge fell into error in this matter. Art. 4 of Vernon's C. C. P. provides that an accused person shall have the right of being heard by himself or counsel or both. This Art. of the statute is a literal copy of one section of our bill of rights and it cannot and ought not to be in any manner abridged. Art. 692, Vernon's C. C. P. lays down the reasons for which a challenge for cause may be made and among those reasons in one to the effect that bias or prejudice in favor of or against the defendant shall be ground for challenge for cause. Another is where a juror has from hearsay or otherwise established in his mind such a conclusion as to the guilt or innocence as will influence him in finding a verdict. In determining a question of this character, it is right and permissible for the court to allow counsel to ask any questions that will likely elicit facts that will enable him to intelligently exercise his right of a peremptory challenge. It is also well settled, of course, that within reasonable limits the questions to be asked and the scope of the examination of the jurors is within the control of the trial court. It is also well settled however that his discretion in the matter has limitations and when it is abused, his ruling will be corrected on appeal. We think no case can be found in this State where it has been held permissible for the trial court to refuse to allow counsel to examine the jurors individually as to their qualifi-

cation. We think the distinction is clear between an examination of this character and the mere asking of jurors the same questions in a group. There is a certain degree of timidity and diffidence about some jurors that would be calculated to cause them to remain silent unless personally called upon to answer any questions. Again we think it clear that the right to appear by counsel carries with it the right of counsel to interrogate each juror individually to the end that he may form his own conclusion after this personal contact with the juror as to whether in the counsel's judgment, he would be acceptable to him or whether on the other hand he should exercise a peremptory challenge to keep him off of the jury. Reich v. State, 251 S. W. 1072; Barnes v. State, 88 S. W. 806; Gilmore v. State, 38 S. W. 787; Kerley v. State, 230 S. W. 169.

From what has been said we would not be understood as departing from the rule that any matter of examination of jurors must be within reasonable limits and it is the right as well as the duty of the court to confine same to such limits, but this does not carry with it the right to refuse to appellant's counsel the privilege of examining each juror individually within reasonable limits. It has been said by this court "It is always commendable for a trial court to dispatch business with promptness and expedition but this salutary result must never be attained at the risk of denying to a party on trial a substantial right." Carter v. State, 272 S. W. 478.

Because in our opinion the court erred in refusing to permit appellant's counsel a reasonable opportunity to examine the jurors individually on their voir dire, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a motion for rehearing showing research and ability, the county attorney insists that in reversing the case, this court was in error.

In his motion, the precedents to which reference is made in the original opinion are discussed at some length. Among them are Caton v. State, 147 S. W. Rep. 590; Bartlett v. State, 200 S. W. Rep. 859; Reich v. State, 251 S. W. Rep. 1072; Barnes v. State, 88 S. W. Rep. 806; Gilmore v. State, 38 S. W. Rep. 706; Kerley v. State, 230 S. W. Rep. 163. He also refers to Davis v. State, 19 Tex. Crim. App. 201; King v. State, 54 S. W. Rep. 245. In his analysis of them, State's counsel has taken no note of distinction between the procedure with reference to a peremptory challenge and a challenge for cause. To prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute, one accused of crime has the right, through his counsel, to direct to the veniremen appropriate questions. See Vernon's Tex. C. C. P., Art. 690; Belcher v. State, 96 Tex. Crim. Rep. 383, and precedents cited therein. He has such right also when his questions are framed with the view of challenging for cause. In each instance, it is within the province of the presiding judge to limit and control the examination; and in so doing, his discretion is broad, but does not embrace the right to deny the privilege of having counsel examine the veniremen. When the effort is to lay a predicate for challenge for cause, the relevancy and materiality of the question propounded and the answer sought is important, in order that the trial court may intelligently rule, and the appellant court review. In ascertaining whether a peremptory challenge is to be used, the inquiry is intended to elicit information upon which the accused or his counsel may determine whether the privilege of arbitrarily excusing the juror shall be exercised. These principles are stated in the cases collated in Belcher v. State, supra; Kerley v. State, supra, also in Reich v. State, 94 Tex. Crim. Rep. 449, and cases therein collated.

As shown by the present record, the accused was denied the right of propounding questions to the proposed jurors in order to obtain information upon which he might intelligently exercise his peremptory challenge. In qualifying the bill, the court seems to justify his action upon the fact that appellant's counsel had abused the privilege with reference to those veniremen to whom he directed questions by extending his examination too far. As stated above, the court had the right to control the examination and keep it within proper limits; and from the qualification, he might

well have exercised this privilege with reference to the examination of such of the jurors as counsel for appellant was permitted to examine; but the fact that appellant had been prolix in the examination allowed would not operate as a waiver of the right of counsel for the accused to examine those to whom he had directed no questions.

Believing that the proper disposition of the case was made on the original hearing, the motion for rehearing is overruled.

*Overruled.*