## V. Don Carlis v. The State.

No. 15293. Delivered June 22, 1932.
Reported in 51 S. W. (2d) 729.

The opinion states the case.

*E. E. Haegelin* and *A. P. Snyder,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Alfred Steinbach by striking him with a blunt instrument, the exact nature of which was to the grand jurors unknown.

The state relied upon circumstantial evidence. In view of our disposition of the case, it is unnecessary to set out the circumstances.

As shown by bill of exception prepared by the court, upon the voir dire examination of the first member of the special venire, appellant asked the juror whether he was acquainted with the district attorney, the extent of his friendship for that official, and whether his acquaintance would influence him in reaching a verdict if he should be chosen on the jury. The court permitted these questions to be asked and answered by the venireman. Thereafter, according to the bill of exception, the court, in the interest of time, addressed to all the veniremen in a body the following question: "Gentlemen of the venire, if the acquaintance of any of you with the district attorney is such as will influence you in rendering a verdict, stand up now."

The court allowed a reasonable time for any of the jurors to stand up, and none having stood up, the court concluded that none of the veniremen was acquainted with the district attorney in such a way as would likely influence him in rendering a verdict in the case. The court then stated to counsel for appellant: "None of them stand up, so I conclude that that will not influence them." The court then requested counsel to refrain from asking the same question or a similar question of any of the other veniremen; whereupon appellant's counsel asked the court if the court meant that he should not ask that question, and the court replied: "Yes, sir; cut that question out." Appellant then excepted to the ruling of the court. It is clear from the bill of exception that the question propounded by the court afforded appellant's counsel no information as to whether or not the veniremen were personally acquainted with the district attorney, and whether or not there was any friendship existing between them and the district attorney. The court merely asked the veniremen if their acquaintance with the district attorney, if any, would influence them in rendering a verdict. Appellant's counsel desired to know if they were acquainted with the district attorney, and the extent of their acquaintance, or friendship, for that official. He desired the information in order that he might intelligently exercise his peremptory challenges.

The opinion is expressed that the learned trial judge fell into error. The right to appear by counsel is guaranteed by the Bill of Rights, and carries with it the right of counsel, within reasonable limits, to examine each juror individually in order that he may prepare himself for the exercise of the peremptory challenges allowed the appellant by statute. Article 1, section 10, Constitution of Texas; article 3, C. C. P., 1925; Tubb v. State, 109 Texas Crim. Rep., 455, 5 S. W. (2d) 152; Holland v. State,

107 Texas Crim. Rep., 582, 298 S. W., 898; Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267, 269; Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072. We quote from the opinion on motion for rehearing in the case of Plair v. State, supra, as follows: "To prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute, one accused of crime has the right, through his counsel, to direct to the veniremen appropriate questions. See Vernon's Texas C. C. P., art. 690; Belcher v. State, 96 Texas Crim. Rep., 383, 257 S. W., 1097, and precedents cited therein. He has such right also when his questions are framed with the view of challenging for cause. In each instance, it is within the province of the presiding judge to limit and control the examination; and, in so doing, the discretion is broad but does not embrace the right to deny the privilege of having counsel examine the veniremen. When the effort is to lay a predicate for challenge for cause, the relevancy and materiality of the question propounded and the answer sought is important, in order that the trial court may intelligently rule, and the appellate court review. In ascertaining whether a peremptory challenge is to be used, the inquiry is intended to elicit information upon which the accused or his counsel may determine whether the privilege of arbitrarily excusing the juror shall be exercised. These principles are stated in the cases collated in Belcher v. State, supra; Kerley v. State, supra; also in Reich v. State, 94 Texas Crim. Rep., 449, 251 S. W., 1072, and cases therein collated."

We quote from Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163, as follows: "A peremptory challenge is, in our statute, defined as 'a challenge made to a juror without assigning any reason therefor.' Code of Criminal Procedure, art. 690. It is the privilege of accused to exclude from jury service one whom, in his judgment, is unacceptable to him. Thompson on Trial, vol. 1, sec. 43. In conferring it, the law gives effect to the natural impulse to eliminate from the jury list not only persons who are rendered incompetent for some of the disqualifying causes named in the statute, but persons who, by reason of the politics, religion, environment, association, or appearance, or by reason of the want of information with reference to them, the accused may object to their service upon the jury to which the disposition of his life or liberty is submitted."

We are unable to reach the conclusion that, under the circumstances, the action of the trial court should be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.