Charles Edward JONES, Appellant,

v.

The STATE of Texas.

No. PD–0230–06.

Court of Criminal Appeals of Texas.

April 4, 2007.

Nicole Deborde, Houston, for Appellant.

Kevin Keating, Asst. Dist. D.A., Houston, for State.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, and HOLCOMB, JJ., joined.

The trial court erroneously refused to permit defense counsel to ask a proper question during voir dire. The State contends that, depending on the circumstances, such an error may or may not be of constitutional dimension. Under our precedents, however, this type of error constitutes a violation of the Texas Constitution.

## I. BACKGROUND

Through a question directed at the entire venire, appellant sought to inquire whether jurors could give effect to the law that prohibits them from considering, for punishment purposes, whether a defendant will ever be paroled. The State objected that the question was "improper voir dire," and the trial court sustained this objection. Defense counsel objected to the trial court's ruling, and appellant subsequently complained on appeal.

The State conceded error on appeal but claimed that the error was harmless. The court of appeals found that the error was constitutional in nature and that it was harmless.[1] Appellant filed a motion for rehearing, which was granted. Relying upon our decision in *Rich v. State*,[2] the court of appeals withdrew its first opinion and issued a second opinion, concluding that the error was *not* constitutional in nature and that it was harmless.[3]

---

1. *Jones v. State*, No. 01–03–00651–CR (Tex. App.-Houston [1st Dist.], Sep. 23, 2004)(not designated for publication).

2. 160 S.W.3d 575 (Tex.Crim.App.2005).

3. *Jones v. State*, No. 01–03–00651–CR, 2005 WL 1774967 (Tex.App.-Houston [1st Dist.], Jul. 28, 2005)(on rehearing)(designated for publication, subsequently withdrawn, reinstated by —— S.W.3d ——, 2005 WL 3986068, 2006 Tex.Crim.App. LEXIS 851 (2006)). After appellant filed his petition for discretionary review, the court of appeals filed a third opinion, but we ordered that opinion withdrawn because it was untimely. *Jones v. State*, —— S.W.3d ——, 2006 WL 1162324, 2006 Tex.Crim.App. LEXIS 851 (2006).

## II. ANALYSIS

■ A long line of cases has held that the "right to counsel" under the Texas Constitution includes the right to pose proper questions during voir dire examination.[4] A look at the constitutional provision and the older cases reveals that "right to counsel" is somewhat of a misnomer. The Texas Constitution provides in relevant part: "In all criminal prosecutions the accused ... shall have *the right of being heard* by himself or counsel, or both."[5] Two of the oldest cases in this line of precedent, *Carlis* and *Plair*, describe the right to interrogate prospective jurors as falling within the "right to *appear* by counsel."[6] The suggestion seems to be that the right to ask questions is included in the "right of being heard,"[7] which of course, would apply even to a defendant who was representing himself.

*Plair* further held that this right entailed permitting the questioning of each individual juror; it was not enough to merely permit a question to be directed to the panel as a whole.[8] In that case, defense counsel had questioned four or five jurors individually on three different topics, and the trial court believed that, if questioning continued at the rate it was going, counsel would require "much more than the whole day to complete the panel."[9] In an attempt to save time, the trial court prohibited counsel from directing these questions individually to the remaining members of the venire but, instead, directed those questions to the entire panel with an admonition that the questions were directed to each panel member individually "and for anyone to speak up and answer."[10] In holding that the trial court erred, this Court emphasized the right of counsel to assess a prospective juror's responses in light of individual questioning:

> There is a certain degree of timidity and diffidence about some jurors that would be calculated to cause them to remain silent unless personally called upon to answer any questions. Again we think it clear that the right to appear by counsel carries with it the right of counsel to interrogate each juror individually to the end that he may form his own conclusion after this personal contact with the juror as to whether in counsel's judgment, he would be acceptable to him or whether on the other hand he should exercise a peremptory challenge to keep him off the jury.[11]

As can also be seen from the facts, the *Plair* Court seemed to be of the opinion that the trial judge could not himself make the decision as to how counsel was to use his time. Rather, the Texas constitutional right entailed permitting counsel (or a *pro*

---

**4.** *Howard v. State*, 941 S.W.2d 102, 108 (Tex. Crim.App.1996); *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *Powell v. State*, 631 S.W.2d 169, 170 (Tex.Crim.App. 1982); *Mathis v. State*, 576 S.W.2d 835, 836–837 (Tex.Crim.App.1979); *De La Rosa v. State*, 414 S.W.2d 668, 671 (Tex.Crim.App. 1967); *Mathis v. State*, 167 Tex.Crim. 627, 628–629, 322 S.W.2d 629, 631 (1959); *Carlis v. State*, 121 Tex.Crim. 290, 291–292, 51 S.W.2d 729, 730 (1932); *Plair v. State*, 102 Tex.Crim. 628, 629–631, 279 S.W. 267, 268–269 (1925).

**5.** Tex. Const., Art. I, § 10 (emphasis added).

**6.** *Carlis*, 121 Tex.Crim. at 291, 51 S.W.2d at 730 (emphasis added); *Plair*, 102 Tex.Crim. at 631, 279 S.W. at 269 (emphasis added).

**7.** *See Plair*, 102 Tex.Crim. at 630, 279 S.W. at 268 (statute and constitutional provision provide accused with "the right of being heard by himself or counsel or both").

**8.** *Id.* at 629–631, 279 S.W. at 268–269.

**9.** *Id.* at 630, 279 S.W. at 268.

**10.** *Id.* at 629–630, 279 S.W. at 268.

**11.** *Id.* at 631, 279 S.W. at 269.

*se* defendant) to ask any proper question he wished of any individual venireman so long as the voir dire examination was "within reasonable limits." [12]

Although *Rich* analyzed error in refusing to permit the asking of a proper question as non-constitutional, it did so because the defendant did not contest the court of appeals's characterization of the error as such.[13] Thus, the court of appeals in this case erred in relying upon *Rich* for the proposition that the error was of the non-constitutional variety.

The State concedes that this Court has repeatedly held that the "counsel" provision of the Texas Constitution encompasses the right to ask questions during jury selection. Moreover, the State does not contend that the cases recognizing this right should be overruled. Rather, relying upon *Potier v. State*[14] and advancing a distinction between constitutional and non-constitutional issues, the State contends that the Texas constitutional right was not violated in this case. Although the dissent suggests that the cases recognizing a state constitutional right to ask proper questions were wrongly decided, we do not find it prudent to address that question in this case. The state constitutional right in question has been recognized for over ninety years. If the State wishes this Court to re-examine whether the Texas Constitution confers the right to ask proper questions in voir dire, it should raise this issue and afford this Court the benefit of an analysis of the issue and allow any party the opportunity to respond. Given the briefing and posture of the case, then, we do not here re-examine the caselaw to determine whether the Texas Constitution actually provides such a right. Instead, we concern ourselves only with the scope of the Texas constitutional right established in our caselaw.[15]

The State points out that, under *Potier*, not every erroneous exclusion of evidence amounts to a constitutional violation.[16] Rather, such exclusion rises to a constitutional magnitude only if the evidence forms such a vital portion of the case that it precludes the defendant from presenting a defense.[17] By analogy, the State argues that the refusal to permit a proper question in voir dire should rise to the level of constitutional error only if precluding the question effectively prevents defense counsel from rendering effective assistance. The State concludes that counsel was not rendered ineffective because parole was a peripheral issue in the case.

While the State's *Potier* analogy is facially appealing, it is ultimately unpersuasive. *Potier* grounded its holding upon the historical treatment given by federal courts to exclusion-of-evidence claims arising from the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[18] However, the Texas "right to be heard" clause is separate from Texas's own compulsory process clause [19] (as well as the state "due

---

12. *Id.; see also Carlis,* 121 Tex.Crim. at 291, 51 S.W.2d at 730.

13. *Rich,* 160 S.W.3d at 577 ("The Court of Appeals found this to be non-constitutional error and applied Rule 44.2(b). Rich does not contest this conclusion, so we assume that to be the proper rule.").

14. 68 S.W.3d 657 (Tex.Crim.App.2002).

15. *See Rich, supra.*

16. *See Potier,* 68 S.W.3d at 659.

17. *See id.* at 665.

18. *See id.* at 659–664.

19. *See* Tex. Const., Art. I, § 10 ("shall have the right of being heard by himself or counsel, or both, shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor").

course of law" provision)[20] and, as the caselaw discussed above shows, has a very different historical tradition. None of our precedents have drawn a connection between the Texas constitutional right to be heard by asking questions at voir dire and a generalized notion of effective assistance of counsel. Rather, the cases have more specifically focused on whether counsel had the opportunity to intelligently exercise for-cause and peremptory challenges.[21] And that opportunity is required to be afforded with respect to each individual juror and, if desired, after a personal examination.[22] Moreover, prior caselaw makes clear that the constitutional right to be heard requires permitting the (proper) question defense counsel wishes to ask, not the one the trial court believes adequately protects the defendant.[23] Analyzing the constitutional right in question as one of counsel's general effectiveness at trial is simply inconsistent with our past cases conferring upon counsel the constitutional right to make his own individualized assessment of each of the prospective jurors.

Not only is there an historical basis for distinguishing the compulsory process and due process protections from the right to be heard at voir dire, but there is also a substantive basis for the distinction. The right of compulsory process and the due process right to present evidence involve, of course, the right to present a defense, and so, a question about whether the proffered evidence was essential to the defendant's defense is appropriate. By contrast, the right to be heard at voir dire is a right to *participate* in the proceedings in a certain way. The denial of that participation is the constitutional violation, even if it is later determined that the defense was not compromised by that denial. Such a later determination would be relevant to a harm analysis but is not appropriate for determining whether this type of constitutional violation occurred.

The State's remaining contention is that a denial of questioning can be deemed constitutional or non-constitutional depending on whether the question's subject matter is constitutional or non-constitutional in nature. That contention flies in the face of the fact that the right to be heard is said to encompass questions for the purpose of exercising peremptory challenges. A question asked solely for the purpose of intelligently exercising a peremptory challenge would not even involve a statutory right much less one of constitutional origin. And the contention is inconsistent with the nature of the right, which focuses upon counsel's (or the defendant's) ability to participate in voir dire for the purpose of making his own individualized assessment of each of the prospective jurors. While there are certainly limits to how far the questioning can go in making an individualized assessment,[24] such an as-

**20.** *See* Tex. Const., Art. I, § 19.

**21.** *See* e.g. *Carlis,* 121 Tex.Crim. at 292, 51 S.W.2d at 730.

**22.** *Plair, supra.*

**23.** *See Carlis,* 121 Tex.Crim. at 291–292, 51 S.W.2d at 730 (trial court's question to the venire regarding whether any of the members had an acquaintance with the district attorney *that would influence them in rendering a verdict* could not substitute for counsel's desired question regarding whether any members of the venire were acquainted with the district attorney); *De La Rosa,* 414 S.W.2d at 671–672 (referring to "many cases" in which the constitutional right to be heard was violated where the trial court placed a limitation on the type of question to be asked or refused to permit a specific question).

**24.** *See* e.g. *Standefer v. State,* 59 S.W.3d 177 (Tex.Crim.App.2001)(prohibition against commitment questions that do not give rise to a challenge for cause)

sessment (even from a "for cause" perspective) clearly goes beyond the ability of a prospective juror to adhere to constitutional requirements.

The judgment of the court of appeals is reversed and the case is remanded for further proceedings consistent with this opinion.[25]

WOMACK, J., filed a dissenting opinion in which KEASLER, HERVEY, and COCHRAN, JJ., joined.

WOMACK, J., filed a dissenting opinion, in which KEASLER, HERVEY, and COCHRAN, JJ., joined.

Surely a court errs when it prevents a defendant's counsel from posing a proper question to a potential juror. But why should anyone think that such an error violates the Texas Constitution's guaranty that, "In all criminal prosecutions the accused ... shall have the right of being heard by ... counsel"?[1]

Consider what an accused's counsel does to have the accused heard in the trial (let alone the other phases of criminal prosecutions). Counsel may make challenges (both peremptory and for cause) to potential jurors, make an opening statement, object to the evidence offered by the State, cross-examine a witness called by the State, offer evidence, request and object to the court's charges to the jury, argue to the jury, and object to the State's argument to the jury.

A court may err in ruling on any of these efforts by counsel. Why is only an error in ruling on a question to a potential juror always of constitutional dimension? The Constitution does not say so. Is it because counsel's question to a potential juror is more "constitutional" than counsel's challenge of a juror, or the introduction of evidence, or the court's charge to the jury, or the argument of counsel? Surely not.

Why, then, does this court say so?

The Court's citational trail of precedents (223 S.W.3d at 381, n. 4) begins with *Plair v. State*, a "Commissioner's Decision" which said:

Article 4 of Vernon's C.C.P. provides that an accused person shall have the right of being heard by himself or counsel or both. This article of the statute is a literal copy of one section of our bill of rights, and it cannot and ought not to be in any manner abridged.[2]

The sentiment is true enough, but the question remains. Why would this, or any, error in one kind of ruling sought by accused's counsel amount to a constitutional violation when no other isolated error does?

This court may reexamine a constitutional decision, giving due weight to the doctrine of *stare decisis* and to the correctness of the prior decisions. We did so only last month, overruling a constitutional holding on the jeopardy provision in our state constitution. That holding was much newer than the one before us today, but

---

**25.** The court of appeals's resolution of the harm issue on remand may seem a foregone conclusion since it has already found the error harmless under both the constitutional and non-constitutional standards. But since the court of appeals withdrew its opinion finding the error harmless under the constitutional standard, we will afford it the opportunity to address the issue.

**1.** Art. I, § 10 ("Rights of accused in criminal prosecutions").

**2.** 102 Tex.Crim. 628, 630, 279 S.W. 267, 268 (1925).

also much more soundly based in reason.[3] Our opinion extensively examined the reasoning of the precedents and the jurisprudence of other states' courts on the same question.

The *Plair* decision is based on reasoning that, if accepted, should equally make constitutional error of every ruling against an accused when he has been "heard by himself or counsel or both"—that is, every decision. Why have we applied it to no other kind of error? Does any other judicial system apply it to any kind of error?

I enter my dissent with great respect to this court, but I fear it accords more respect to this precedent than is merited.

---

**3.** *See Ex parte Lewis,* 219 S.W.3d 335 (Tex.Cr. App.2007).