IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0230-06






CHARLES EDWARD JONES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., delivered the opinion of the Court in which MEYERS, PRICE,
JOHNSON, and HOLCOMB, JJ., joined. WOMACK, J., filed a dissenting opinion in
which KEASLER, HERVEY, and COCHRAN, JJ., joined.





 The trial court erroneously refused to permit defense counsel to ask a proper question during
voir dire. The State contends that, depending on the circumstances, such an error may or may not
be of constitutional dimension. Under our precedents, however, this type of error constitutes a
violation of the Texas Constitution.

I. BACKGROUND


 Through a question directed at the entire venire, appellant sought to inquire whether jurors
could give effect to the law that prohibits them from considering, for punishment purposes, whether
a defendant will ever be paroled. The State objected that the question was "improper voir dire," and
the trial court sustained this objection. Defense counsel objected to the trial court's ruling, and
appellant subsequently complained on appeal.

 The State conceded error on appeal but claimed that the error was harmless. The court of
appeals found that the error was constitutional in nature and that it was harmless. (1) Appellant filed
a motion for rehearing, which was granted. Relying upon our decision in Rich v. State, (2) the court
of appeals withdrew its first opinion and issued a second opinion, concluding that the error was not
constitutional in nature and that it was harmless. (3)

II. ANALYSIS


 A long line of cases has held that the "right to counsel" under the Texas Constitution includes
the right to pose proper questions during voir dire examination. (4) A look at the constitutional
provision and the older cases reveals that "right to counsel" is somewhat of a misnomer. The Texas
Constitution provides in relevant part: "In all criminal prosecutions the accused . . . shall have the
right of being heard by himself or counsel, or both." (5) Two of the oldest cases in this line of
precedent, Carlis and Plair, describe the right to interrogate prospective jurors as falling within the
"right to appear by counsel." (6) The suggestion seems to be that the right to ask questions is included
in the "right of being heard," (7) which of course, would apply even to a defendant who was
representing himself.

 Plair further held that this right entailed permitting the questioning of each individual juror;
it was not enough to merely permit a question to be directed to the panel as a whole. (8) In that case,
defense counsel had questioned four or five jurors individually on three different topics, and the trial
court believed that, if questioning continued at the rate it was going, counsel would require "much
more than the whole day to complete the panel." (9) In an attempt to save time, the trial court
prohibited counsel from directing these questions individually to the remaining members of the
venire but, instead, directed those questions to the entire panel with an admonition that the questions
were directed to each panel member individually "and for anyone to speak up and answer." (10) In
holding that the trial court erred, this Court emphasized the right of counsel to assess a prospective
juror's responses in light of individual questioning: 

There is a certain degree of timidity and diffidence about some jurors that would be
calculated to cause them to remain silent unless personally called upon to answer any
questions. Again we think it clear that the right to appear by counsel carries with it
the right of counsel to interrogate each juror individually to the end that he may form
his own conclusion after this personal contact with the juror as to whether in
counsel's judgment, he would be acceptable to him or whether on the other hand he
should exercise a peremptory challenge to keep him off the jury. (11) 


 As can also be seen from the facts, the Plair Court seemed to be of the opinion that the trial
judge could not himself make the decision as to how counsel was to use his time. Rather, the Texas
constitutional right entailed permitting counsel (or a pro se defendant) to ask any proper question
he wished of any individual venireman so long as the voir dire examination was "within reasonable
limits." (12)

 Although Rich analyzed error in refusing to permit the asking of a proper question as non-constitutional, it did so because the defendant did not contest the court of appeals's characterization
of the error as such. (13) Thus, the court of appeals in this case erred in relying upon Rich for the
proposition that the error was of the non-constitutional variety. 

 The State concedes that this Court has repeatedly held that the "counsel" provision of the
Texas Constitution encompasses the right to ask questions during jury selection. Moreover, the State
does not contend that the cases recognizing this right should be overruled. Rather, relying upon
Potier v. State (14) and advancing a distinction between constitutional and non-constitutional issues,
the State contends that the Texas constitutional right was not violated in this case. Although the
dissent suggests that the cases recognizing a state constitutional right to ask proper questions were
wrongly decided, we do not find it prudent to address that question in this case. The state
constitutional right in question has been recognized for over ninety years. If the State wishes this
Court to re-examine whether the Texas Constitution confers the right to ask proper questions in voir
dire, it should raise this issue and afford this Court the benefit of an analysis of the issue and allow
any party the opportunity to respond. Given the briefing and posture of the case, then, we do not here
re-examine the caselaw to determine whether the Texas Constitution actually provides such a right. 
Instead, we concern ourselves only with the scope of the Texas constitutional right established in our
caselaw. (15)

 The State points out that, under Potier, not every erroneous exclusion of evidence amounts
to a constitutional violation. (16) Rather, such exclusion rises to a constitutional magnitude only if the
evidence forms such a vital portion of the case that it precludes the defendant from presenting a
defense. (17) By analogy, the State argues that the refusal to permit a proper question in voir dire
should rise to the level of constitutional error only if precluding the question effectively prevents
defense counsel from rendering effective assistance. The State concludes that counsel was not
rendered ineffective because parole was a peripheral issue in the case. 

 While the State's Potier analogy is facially appealing, it is ultimately unpersuasive. Potier
grounded its holding upon the historical treatment given by federal courts to exclusion-of-evidence
claims arising from the Compulsory Process Clause of the Sixth Amendment and the Due Process
Clause of the Fourteenth Amendment to the United States Constitution. (18) However, the Texas "right
to be heard" clause is separate from Texas's own compulsory process clause (19) (as well as the state
"due course of law" provision) (20) and, as the caselaw discussed above shows, has a very different
historical tradition. None of our precedents have drawn a connection between the Texas
constitutional right to be heard by asking questions at voir dire and a generalized notion of effective
assistance of counsel. Rather, the cases have more specifically focused on whether counsel had the
opportunity to intelligently exercise for-cause and peremptory challenges. (21) And that opportunity
is required to be afforded with respect to each individual juror and, if desired, after a personal
examination. (22) Moreover, prior caselaw makes clear that the constitutional right to be heard requires
permitting the (proper) question defense counsel wishes to ask, not the one the trial court believes
adequately protects the defendant. (23) Analyzing the constitutional right in question as one of
counsel's general effectiveness at trial is simply inconsistent with our past cases conferring upon
counsel the constitutional right to make his own individualized assessment of each of the prospective
jurors.

 Not only is there an historical basis for distinguishing the compulsory process and due
process protections from the right to be heard at voir dire, but there is also a substantive basis for the
distinction. The right of compulsory process and the due process right to present evidence involve,
of course, the right to present a defense, and so, a question about whether the proffered evidence was
essential to the defendant's defense is appropriate. By contrast, the right to be heard at voir dire is
a right to participate in the proceedings in a certain way. The denial of that participation is the
constitutional violation, even if it is later determined that the defense was not compromised by that
denial. Such a later determination would be relevant to a harm analysis but is not appropriate for
determining whether this type of constitutional violation occurred.

 The State's remaining contention is that a denial of questioning can be deemed constitutional
or non-constitutional depending on whether the question's subject matter is constitutional or non-constitutional in nature. That contention flies in the face of the fact that the right to be heard is said
to encompass questions for the purpose of exercising peremptory challenges. A question asked
solely for the purpose of intelligently exercising a peremptory challenge would not even involve a
statutory right much less one of constitutional origin. And the contention is inconsistent with the
nature of the right, which focuses upon counsel's (or the defendant's) ability to participate in voir
dire for the purpose of making his own individualized assessment of each of the prospective jurors. 
While there are certainly limits to how far the questioning can go in making an individualized
assessment, (24) such an assessment (even from a "for cause" perspective) clearly goes beyond the
ability of a prospective juror to adhere to constitutional requirements.

 The judgment of the court of appeals is reversed and the case is remanded for further
proceedings consistent with this opinion. (25) 

Date delivered: April 4, 2007

Publish 



 
1. Jones v. State, No. 01-03-00651-CR (Tex. App.-Houston [1st Dist.], Sep. 23, 2004)(not
designated for publication).
2. 160 S.W.3d 375 (Tex. Crim. App. 2005).
3. Jones v. State, No. 01-03-00651-CR (Tex. App.-Houston [1st Dist.], Jul. 28, 2005)(on
rehearing)(designated for publication, subsequently withdrawn, reinstated by 2006 Tex. Crim.
App. LEXIS 851 (2006)). After appellant filed his petition for discretionary review, the court of
appeals filed a third opinion, but we ordered that opinion withdrawn because it was untimely. 
Jones v. State, 2006 Tex. Crim. App. LEXIS 851 (2006).
4. Howard v. State, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996); Smith v. State, 703
S.W.2d 641, 643 (Tex. Crim. App. 1985); Powell v. State, 631 S.W.2d 169, 170 (Tex. Crim.
App. 1982); Mathis v. State, 576 S.W.2d 835, 836-837 (Tex. Crim. App. 1979); De La Rosa v.
State, 414 S.W.2d 668, 671 (Tex. Crim. App. 1967); Mathis v. State, 167 Tex. Crim. 627, 628-629, 322 S.W.2d 629, 631 (1959); Carlis v. State, 121 Tex. Crim. 290, 291-292, 51 S.W.2d 729,
730 (1932); Plair v. State, 102 Tex. Crim. 628, 629-631, 279 S.W. 267, 268-269 (1925).
5. Tex. Const., Art. I, §10 (emphasis added).
6. Carlis, 121 Tex. Crim. at 291, 51 S.W.2d at 730 (emphasis added); Plair, 102 Tex.
Crim. at 631, 279 S.W. at 269 (emphasis added).
7. See Plair, 102 Tex. Crim. at 630, 279 S.W. at 268 (statute and constitutional provision
provide accused with "the right of being heard by himself or counsel or both").
8. Id. at 629-631, 279 S.W. at 268-269.
9. Id. at 630, 279 S.W. at 268.
10. Id. at 629-630, 279 S.W. at 268..
11. Id. at 631, 279 S.W. at 269.
12. Id.; see also Carlis, 121 Tex. Crim. at 291, 51 S.W.2d at 730.
13. Rich, 160 S.W.3d at 577 ("The Court of Appeals found this to be non-constitutional
error and applied Rule 44.2(b). Rich does not contest this conclusion, so we assume that to be
the proper rule.").
14. 68 S.W.3d 657 (Tex. Crim. App. 2002).
15. See Rich, supra.
16. See Potier, 68 S.W.3d at 659.
17. See id. at 665.
18. See id. at 659-664.
19. See Tex. Const., Art. I, §10 ("shall have the right of being heard by himself or
counsel, or both, shall be confronted by the witnesses against him and shall have compulsory
process for obtaining witnesses in his favor").
20. See Tex. Const., Art. I, §19.
21. See e.g. Carlis, 121 Tex. Crim. at 292, 51 S.W.2d at 730.
22. Plair, supra.
23. See Carlis, 121 Tex. Crim. at 291-292, 51 S.W.2d at 730 (trial court's question to the
venire regarding whether any of the members had an acquaintance with the district attorney that
would influence them in rendering a verdict could not substitute for counsel's desired question
regarding whether any members of the venire were acquainted with the district attorney); De La
Rosa, 414 S.W.2d at 671-672 (referring to "many cases" in which the constitutional right to be
heard was violated where the trial court placed a limitation on the type of question to be asked or
refused to permit a specific question).
24. See e.g. Standefer v. State, 59 S.W.3d 177 (Tex. Crim. App. 2001)(prohibition against
commitment questions that do not give rise to a challenge for cause)
25. The court of appeals's resolution of the harm issue on remand may seem a foregone
conclusion since it has already found the error harmless under both the constitutional and non-constitutional standards. But since the court of appeals withdrew its opinion finding the error
harmless under the constitutional standard, we will afford it the opportunity to address the issue.