

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00076-CR

JAMELL DONNIELL BROOKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 51,604-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As described by the evidence believed by the jury, Jamell Donniell Brooks pointed a gun at Brian Sheehan, a police officer for Wichita Falls, Texas,[1] prompting Sheehan to shoot Brooks. While in the hospital for treatment of his gunshot wound, Brooks was interviewed by Allen Killingsworth, also an officer for Wichita Falls. Brooks appeals his resulting conviction for aggravated assault.[2] Brooks claims on appeal that the trial court denied him due process by wrongfully excluding part of his desired cross-examination of Killingsworth—a cross-examination to try to establish Brooks' claim that Brooks' statement was not voluntary because Brooks was heavily medicated at the time.[3] The State responds that error has not been preserved; that the answer to the question the State objected to—the medication Brooks was on—was not known by Killingsworth,[4] making irrelevant the question objected to; and that any

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Brooks' conviction was for aggravated assault of a police officer with a deadly weapon, and the sentence was enhanced by a prior felony conviction. Brooks was assessed a sentence of twenty years' imprisonment.

[3]Brooks makes no claim of error in the lack of a jury issue on voluntariness of the statement. Criminal defendants are entitled to have fact issues presented to the jury when they bear on the legality of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Article 38.23 is a statutorily mandated instruction that must be included in the jury instructions when the voluntariness of a defendant's statement is at issue, even in the absence of a defense request. *Oursbourn v. State*, 259 S.W.3d 159, 181 (Tex. Crim. App. 2008). Even if not requested by the defense, the trial court's failure to submit an Article 38.23 instruction is subject to *Almanza* review for egregious harm. *Id.* at 165; *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). Brooks acknowledges, however, that the lack of evidence on the subject dooms any claim of charge error.

[4]The pretrial hearing established that Killingsworth did not know that Brooks was on fentanyl, a strong narcotic. That is a significant factor in our analysis tending to establish lack of harm from the exclusion of part of Brooks' desired cross-examination of Killingsworth.

error was harmless. We affirm because, even assuming that exclusion of the testimony was preserved error[5] for our review, its exclusion was harmless.[6]

The "statement" Brooks sought to suppress, and about which the excluded cross-examination relates, is a forty-one-minute audio recording of an interview Killingsworth conducted of Brooks in the hospital, two days after the shooting. The recording mostly consists of Killingsworth's questions to Brooks. Most of Brooks' comments during the interview were his explanations and justifications for his actions the evening of the shooting. There are precious few, if any, utterances from Brooks that could be interpreted as his admissions to any aggressive behavior toward Sheehan that evening. The closest the statement comes to an admission to the charged crime comes late in the interview, when Brooks apologizes and disclaims any intent to point a gun at Sheehan or to hurt anyone, while claiming poor memory due to his intoxication at the time of the shooting. The context of the apology and disclaimer suggests they were almost certainly not intended to be admissions of guilt at all, but were, instead, offered to justify himself or trying to convince Killingsworth that he had no intent to act criminally.

---

[5]Pretrial rulings and trial rulings outside the presence of the jury preserve error for appellate review without a requirement of an additional objection. *See Thomas v. State*, 408 S.W.3d 877, 881 & n.14 (Tex. Crim. App. 2013) ("An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial."); *Manns v. State*, 122 S.W.3d 171, 190 (Tex. Crim. App. 2003) ("Although a motion in limine does not preserve error, error can be preserved by a timely objection made in a hearing outside the presence of the jury."). The pretrial hearing concerned the voluntariness of the statement. Given the context and the lack of discussion by anyone when the State objected to Brooks' cross-examination question of Killingsworth, we conclude that everyone assumed the issue at play, when the State's objection was lodged, was the statement's voluntariness. We believe Brooks wished to get a jury finding that the statement was involuntary or at least wanted to undermine the statement's weight with the same evidence of his diminished capacity at the time of the interview.

[6]Though Brooks' appellate issue references the denial of due process in the exclusion of the Killingworth cross-examination information, we conclude that Brooks is singularly urging us to find that the exclusion was harmful error.

3

Brooks filed a pretrial motion to suppress his statement, alleging that his statement was involuntary because he was recovering from surgery and under the influence of fentanyl. On the day of trial, a pretrial hearing was held outside the presence of the jury. The trial court denied the motion to suppress and admitted the statement.

Error in excluding evidence generally is considered nonconstitutional error. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). If, however, the trial court erroneously excludes relevant, reliable evidence that "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense," that is considered constitutional error. *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002) (quoting *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002)). Though Brooks claims error of constitutional dimension, this excluded evidence could hardly be considered vital to his defense. It is nonvital because the statement itself contained no clear admission of guilt, because Killingsworth testified pretrial that he did not know what drug or drugs Brooks was on at the time of the interview— thus strongly suggesting lack of harm from the exclusion of that part of Brooks' desired cross-examination of Killingsworth—because the trial court had already ruled pretrial that the statement was voluntarily given and thus admissible, and because Brooks' most likely benefit from the attempted cross-examination was to somewhat lessen the weight the jury would give the statement. We will consider this assumed error as nonconstitutional in nature.[7]

---

[7]The Texas Court of Criminal Appeals has recently restated the examples of constitutional violations recognized by the United States Supreme Court as follows:

> A constitutional violation may arise only if "(1) a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering otherwise relevant, reliable evidence vital to his defense; or (2) a trial court's clearly erroneous ruling results in the exclusion of admissible

4

We disregard nonconstitutional error that does not affect an appellant's "substantial rights." *See* TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Substantial rights are not affected if we, based on the record as a whole, have a fair assurance that the erroneous exclusion of evidence had no, or just slight, influence on the jury. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In making our assessment, we consider everything in the record, the nature of the evidence supporting the verdict, the character of the alleged error, and how it relates to other evidence in the record. *Id*.

Here, from our review of the record, we conclude that any error in the exclusion of the complained-of evidence did not influence the jury, or had only a slight effect.

Not only was the statement as a whole unlikely to influence the jury to accept it as an admission of guilt, but the other evidence in the record was quite strong in establishing Brooks' guilt. Particularly notable evidence of guilt includes Sheehan's testimony that Brooks had pointed a gun at him and testimony by an expert witness for both the State and for Brooks that the wound in Brooks' right arm demonstrated that Brooks had the arm extended at the time the bullet entered the arm as if it were pointing a gun at the officer. Though Brooks claimed to have laid his gun down before the shooting, blood-spatter evidence strongly suggested that Brooks was holding the gun when he was shot.

---

evidence that forms the vital core of a defendant's theory of defense and effectively prevents him from presenting that defense."

*Easley v. State*, No. PD-1509-12, 2014 WL 941451, at *4 (Tex. Crim. App. Mar. 12, 2014) (*quoting Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007)). Part one of that formulation is not in question here. And the error in this case lacks the magnitude necessary to be constitutional error.

Killingsworth's testimony during the pretrial hearing on Brooks' motion to suppress the statement established that Killingsworth did not know what medication Brooks was on and was firmly convinced that Brooks voluntarily gave his statement. The pretrial hearing also obviously convinced the trial court that Brooks voluntarily gave the statement. Brooks did not develop on the record what he intended to obtain from the part of Killingsworth's cross-examination that was excluded; we can only suppose it related to the medication Brooks was on and his mental state at the time. From Killingsworth's pretrial testimony in the suppression hearing, we are convinced that the excluded line of trial questioning by Brooks on cross-examination would not have provided Brooks any significant benefit.

Because the exclusion of evidence was harmless, we affirm.


Josh R. Morriss, III
Chief Justice


Date Submitted:     November 19, 2013
Date Decided:       April 8, 2014

Do Not Publish