**AFFIRMED; Opinion Filed May 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00783-CR

### MICHAEL ANTHONY HINOJOSA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F-1400048-J**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

A jury convicted Michael Anthony Hinojosa of unlawful possession of methamphetamine and sentenced him to thirteen years' confinement. In a single issue, Hinojosa argues he was denied his right to an impartial jury when the trial court refused to allow him to question the venire regarding bias or prejudice against drug users. We affirm the trial court's judgment.

FACTUAL BACKGROUND

The evidence shows a hotel manager noticed suspicious credit card charges for a room at the hotel. Based on his experience, he suspected credit card fraud might be occurring, and he contacted the police. When the officers went to the room, Hinojosa answered the door. He appeared intoxicated or high, and he told the officers he had smoked marijuana earlier in the day. One officer asked Hinojosa if he knew the people whose names were listed on the hotel registry, and Hinojosa said he did not. He speculated his girlfriend might know who they were. His

girlfriend came into the room while the officers were present. With permission, the officers entered the hotel room and, upon entering, smelled marijuana. An officer testified he patted down Hinojosa and found a small baggie containing methamphetamine in his pocket. When he found the drugs, Hinojosa "seemed surprised. He stated he thought he smoked it all and forgot it was in his pocket."

The officers found several bags in the hotel room that contained items including crystal methamphetamine, baggies containing marijuana, propane torches, an electronic scale, multiple cigarette lighters, various hand tools, numerous empty Ziplock-style baggies, and four rifles. Hinojosa and his girlfriend denied the bags were theirs, although Hinojosa told the officers that the torches and hand tools were his. The officers also recovered two meth pipes, a marijuana pipe, and four cell phones in the room. The drugs tested positive for methamphetamine, at a total weight of 7.2 grams including adulterants and dilutants. One officer testified "it was obvious that he [Hinojosa] was a meth user" based on the amount of methamphetamine found in his pocket and Hinojosa's admission he thought he already smoked it.

Although the State charged Hinojosa with possession of methamphetamine in an amount of four grams or more but less than 200 grams, the jury convicted him of the lesser-included offense of possession of methamphetamine in an amount of less than one gram. Hinojosa also pleaded true to two enhancement allegations. The jury was asked to assess punishment in the range of two to twenty years' incarceration and the jury assessed punishment at thirteen years.

LAW & ANALYSIS

Hinojosa's sole issue relates to an objection made by the State during voir dire. Hinojosa argues that by sustaining the State's objection, the trial court violated his constitutional right to an impartial jury. During voir dire, defense counsel stated:

[Defense Counsel]: If it's right there, obvious. They have to prove knowingly or intentionally had care, custody, control. If it's in the open, it's tough to beat.

How many think that? How many of you would agree it's fair to make that distinction between hold [sic] somebody responsible when they're in possession?

Anybody that feel [sic], well, doper's a doper, just find him guilty for the maximum amount? Anybody?

Let's talk about the drug house in general.

We have made possession - - okay, not just selling, not just possession with intent to deliver, but we had mere possession of an illegal substance like marijuana or methamphetamine or cocaine illegal. Our system incarcerates people for having these substance [sic] in their possession.

How many of you feel this is an effective way of getting people to not use drugs? Anybody feel that?

VENIREPERSON: Can you repeat that?

[Defense Counsel]: Our system of - - we make drugs a crime. Okay. How many of you feel that's an effective way, that our system of locking people up for drugs works in getting people to not have drugs in a . . ."

[Prosecutor]: I object to trying to get the panel to legislate. I don't see where this is going.

[Defense Counsel]: I'm asking their opinion of the law.

THE COURT: Sustain the objection.

After the trial court sustained the State's objection, Hinojosa's counsel began questioning the venire about a new topic and did not rephrase his question or continuing the line of questioning.

Hinojosa asserts his counsel's questions were intended to discover whether any potential juror had a bias or prejudice against a defendant who is a drug user and the trial court erred by refusing to permit his questions. He further argues the error was of constitutional magnitude and was not harmless.

The trial court has broad discretion over the process of selecting a jury. *Fuller v. State*, 363 S.W.3d 583, 585 (Tex. Crim. App. 2012) (quoting *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003)). A trial court has discretion concerning the propriety of a particular question, and a reviewing court will not disturb the trial court's decision absent an abuse of discretion. *Sells*, 121 S.W.3d at 756. A trial court abuses its discretion when it prohibits a proper question

–3–

about a proper area of inquiry. *Id.* A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.*

If we determine a trial court erred by improperly limiting a defendant's voir dire, we generally consider it a non-constitutional error and conduct the harm analysis under rule 44.2(b).[1] *See Easley v. State*, 424 S.W.3d 535, 542 (Tex. Crim. App. 2014). Under rule 44.2(b), any error that does not affect a substantial right must be disregarded. TEX. R. APP. P. 44.2(b). A substantial right is affected when "the error has a substantial and injurious effect or influence in determining the jury's verdict." *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

When conducting a harm analysis, we consider the whole record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Easley*, 424 S.W.3d at 542; *Rich*, 160 S.W.3d at 577.

For purposes of this appeal, we assume without deciding the trial court abused its discretion by sustaining the State's objection to Hinojosa's counsel's questions during voir dire. However, we conclude Hinojosa was not harmed by the trial court's ruling.

---

[1] The court of criminal appeals acknowledged "[t]here may be instances when a judge's limitation on voir dire is so substantial as to warrant labeling the error as constitutional error." *Easley*, 424 S.W.3d at 541. However, as in *Easley*, this case does not present an error of constitutional magnitude. *See id.* at 541-42 (where defendant not foreclosed from explaining concept of beyond a reasonable doubt, error was non-constitutional); *Woods v. State*, 152 S.W.3d 105, 109 (Tex. Crim. App. 2004) (denial of proper question in voir dire assessed as non-constitutional error).

After sustaining the State's objection, the trial court did not place any limitation on Hinojosa's ability to investigate whether potential jurors were biased or prejudiced against a defendant who is a drug user. Even though Hinojosa's counsel was free to ask the potential jurors their thoughts about drug users, he did not do so. Instead of rephrasing the question or otherwise continuing his inquiry, counsel chose to move on to a different topic. *See Easley*, 424 S.W.3d at 541 (trial court's "refusal to allow Easley's counsel to compare other burdens of proof did not mean he was foreclosed from explaining the concept of beyond a reasonable doubt and exploring the veniremembers' understanding and beliefs of reasonable doubt by other methods."). He did not otherwise raise the topic of bias or prejudice against drug users again during his voir dire.

Considering the whole record, the State presented ample evidence supporting the verdict. The officers found a baggie containing methamphetamine in Hinojosa's pocket. Hinojosa "seemed surprised" they found the drugs because he "thought he smoked it all and forgot it was in his pocket." The officers found an additional quantity of methamphetamine in the room, as well as pipes used to smoke the drugs. However, even though the officers recovered 7.2 grams of methamphetamine from the room, including adulterants and dilutants, the jury found Hinojosa guilty of the lesser-included offense of possession of methamphetamine in an amount less than one gram. Further, the jury assessed punishment at thirteen years' confinement, far below the twenty years' confinement the jury could have elected.

Having reviewed and considered the entire record, we conclude any error by the trial court in sustaining the State's objection was non-constitutional and did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Rich*, 160 S.W.3d at 577.

CONCLUSION

We affirm the trial court's judgment.

                     / Craig Stoddart/
                     CRAIG STODDART
                     JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140783F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ANTHONY HINOJOSA,
Appellant

No. 05-14-00783-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1400048-J.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of May, 2015.