**Opinion issued October 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00493-CR**

———————————

**RYAN MATTHEW STAIRHIME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1387371**

---

**MEMORANDUM OPINION**

Appellant, Ryan Matthew Stairhime, was charged by indictment with murder.[1] Appellant pleaded not guilty. The jury found him guilty and assessed punishment at 43 years' confinement. In his original brief, Appellant challenged

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 2011).

the trial court's (1) permitting the State to impeach the testimony of a witness to the incident, (2) excluding his impeaching evidence of the same witness, (3) failure to include in the application portion of the jury charge a definition present in the abstract portion of the jury charge, and (4) restriction of his voir dire examination.

On original submission, we overruled all four issues. *Stairhime v. State*, 439 S.W.3d 499, 504–07 (Tex. App.—Houston [1st Dist.] 2014, pet. granted) (*Stairhime I*). For the fourth issue, we held that Appellant had waived any error related to the issue raised. *Id.* at 507. Stairhime filed a petition for discretionary review of our judgment with respect to the fourth issue, and the Texas Court of Criminal Appeals granted it. *Stairhime v. State*, 463 S.W.3d 902, 903 (Tex. Crim. App. 2015) (*Stairhime II*). The court reversed, holding the facts upon which we relied did not support a determination of waiver. *Id.* at 908. The court has remanded the case back to this Court for consideration of the remaining arguments in Appellant's fourth issue. *Id.*

We affirm.

## Background

The only issue remaining for review concerns the trial court's restriction of Appellant's voir dire examination. *See id.* Accordingly, we provide only the relevant information for that issue.

Appellant and his girlfriend, Kelsey Wright, got into a heated argument on July 18, 2010. Wright called a friend and former boyfriend, Stephen Babb, to pick her up. When Babb arrived, Appellant stabbed him in the chest and fled. Babb died, and Appellant was charged with murder.

During voir dire at trial, Appellant's counsel began asking the jury about Appellant's right not to testify at trial. The following exchange occurred:

[DEFENSE COUNSEL]: Juror No. 1.

VENIREPERSON: What do you want to know? You want to know how I feel about it?

[DEFENSE COUNSEL]: What I want to know, if Ryan does not take the stand, are you going to use that as evidence of guilt? In other words, do you have to hear from him?

VENIREPERSON: No, I don't.

[DEFENSE COUNSEL]: Juror No. 2?

VENIREPERSON: No.

[DEFENSE COUNSEL]: Juror No. 3?

VENIREPERSON: Yes, I would like to hear from him.

[DEFENSE COUNSEL]: We all would like to.

VENIREPERSON: Okay. Yeah.

[DEFENSE COUNSEL]: I think we're all in agreement we would like to hear from the defendant, right? Okay. And that's fair. That's human nature.

VENIREPERSON: So you're asking if we don't hear from him, are we going to hold that against him?

3

[DEFENSE COUNSEL]: Exactly. In other words, do you have to hear from him to be a fair juror?

[PROSECUTOR]: Judge, I'm going to object to the form of the question.

THE COURT: Sustained.

[DEFENSE COUNSEL]: I'll rephrase it.

THE COURT: Before you answer, sir, go ahead and rephrase that question, [DEFENSE COUNSEL].

[DEFENSE COUNSEL]: Okay. I will.

If Ryan refuses to testify, can you put that aside, out of your mind and be fair?

[PROSECUTOR]: I'm going to object again to the form of the question.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Do you have to hear from the defendant?

[PROSECUTOR]: Again, I object to the form of the question. It's whether or not they would use it as evidence of his guilt.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Are you going to use it as evidence of his guilt if he does not testify?

VENIREPERSON: Yes.

Appellant's counsel then asked the remaining prospective jurors the same question. In total, ten prospective jurors said they would consider Appellant's failure to testify as evidence of guilt. Nine of them were struck for cause. The

4

tenth was too far down the list of jurors to have a chance of being on the jury panel.

During the trial, Appellant testified, both in the guilt-innocence phase and in the punishment phase. In the guilt-innocence phase, Appellant admitted to stabbing Babb. Appellant testified that he saw Babb slap Wright. According to Appellant, Babb then threatened him and reached for something under his seat. Appellant claimed he became scared for himself and for Wright and attacked Babb as a result.

## Voir Dire

In his fourth issue, Appellant argues the trial court abused its discretion by preventing Appellant from asking the jury questions concerning his right not to testify.

In its opinion, the Court of Criminal Appeals clarified that the State had raised other arguments for finding waiver and that its opinion did not dispose of those. *Id.* at 908 n.3. We begin, then, by addressing the State's remaining waiver argument.

Appellant argues that the trial court denied him his right to ask the jury proper voir dire questions regarding Stairhime's right to remain silent. The State argues that Appellant failed to preserve this issue because he did not object. In order to preserve a complaint for appellate review, the record must show that "the

5

complaint was made to the trial court by a timely request, objection, or motion" and that the trial court ruled on the complaint. TEX. R. APP. P. 33.1(a).

It is established in the record that the State objected multiple times to how Appellant's questions phrased the questions about Appellant's right to remain silent. The State appears to argue that, in order to preserve this issue for appeal, Appellant was required to object to the trial court's sustaining the State's objections. We find no justification for this argument. Rule 33.1 requires only that "the complaint was made." *Id.* The trial court sustained objections to Appellant's counsel's formulation of questions about the right to remain silent, requiring Appellant's counsel to reformulate the question. If these rulings were erroneous, then the trial court prevented Appellant from asking proper voir dire questions. This is Appellant's complaint on appeal. We hold it has been preserved.

The State also argues that the objections were raised only when Appellant's counsel was asking Prospective Juror Number Three questions. After that, Appellant's counsel asked the remaining prospective jurors the question in the form the trial court had permitted. The State indicates that, as a result, any error has only been preserved as it applies to this prospective juror and not to the panel as a whole. We disagree.

For preservation of error over the admission of evidence, there is a general rule that the party must object each time the evidence is admitted. *Kelly v. State*,

321 S.W.3d 583, 598 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When a trial court has just overruled the objection, however, the objecting party is not required to constantly repeat the objection when repeated objections would be futile. *Id.*; *see also Graham v. State*, 710 S.W.2d 588, 591 (Tex. Crim. App. 1986) (holding complaining party is not required to make futile repeated objections once it is clear trial court has made testimony admissible); *Cardenas v. State*, 787 S.W.2d 160, 162 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (holding party is not required to make futile objections after trial court has just overruled valid objection). We see no reason to create a different rule here. If the trial court found the formulation objectionable for one prospective juror, there is no reason to conclude the trial court would have found it acceptable for any other prospective juror. Repeating the same excluded questions to all 100 prospective jurors would have been duplicative and futile. We hold the objection has been preserved for all prospective jurors.

Turning to the substance of the argument, we do not need to determine whether the trial court's rulings were actually erroneous. This is because, even assuming the rulings were erroneous, any error is harmless.

Even when a court finds error in a trial court's ruling, we must review the error for harm. *See* TEX. R. APP. P. 44.2(a)–(b). In general, errors in criminal cases are divided between constitutional errors and non-constitutional errors. *See*

*id.* For constitutional errors, "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). For non-constitutional errors, any error "must be disregarded" unless the error affects Appellant's substantial rights. TEX. R. APP. P. 44.2(b).

Appellant argues that the trial court's exclusion of his preferred form for questioning the prospective jurors about his right to remain silent is constitutional error. For support, Appellant relies on *Jones v. State*, 223 S.W.3d 379, 382–83 (Tex. Crim. App. 2007), *rev'd Easley v. State*, 424 S.W.3d 535, 537, 541 (Tex. Crim. App. 2014). Since Appellant wrote his brief, however, *Jones* has been overruled. *See Easley*, 424 S.W.3d at 537, 541.

In *Easley*, the Court of Criminal Appeals held that erroneously limiting a party's voir dire examination is non-constitutional unless the error "is so substantial as to warrant labeling the error as constitutional error." *Id.* at 541. Here, the restrictions involved the form of questions for one general topic: the right to remain silent. The trial court did not exclude questioning on this topic in its entirety, just in the form of the question. We hold that any error in this restriction is not so substantial as to warrant labeling the error as constitutional. *See id.*

For non-constitutional error, we must disregard the error unless the error affect's the party's substantial rights. TEX. R. APP. P. 44.2(b). In determining whether an error affected a party's substantial rights, we must

> consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Easley*, 424 S.W.3d at 542 (internal quotations omitted).

As we have noted, Appellant's questioning about his right to remain silent was restricted only as to its form. Appellant was ultimately allowed to ask the prospective jurors if they would use his failure to testify as proof of guilt. Ten of the prospective jurors said yes. Nine of those were struck for cause. The last had no chance of being on the panel.

Significantly, Appellant testified at trial. Even assuming Appellant's other question formats could have elicited further bias against a defendant who does not testify, any error was, if not rendered moot, severely diminished by Appellant's decision to testify. The only party to emphasize the topic of the right to remain silent was Appellant. During closing argument, Appellant's counsel emphasized that Appellant took the stand. Specifically, his counsel argued, "One thing about

Ryan, he took the stand. He wanted to. He's wanted to tell his side since this happened."

Finally, the weight of the evidence against him further diminishes any harm Appellant may have suffered. During his testimony, Appellant admitted to stabbing Babb. The main dispute between the parties involved whether Appellant acted in self-defense. Appellant was the only witness to present evidence suggesting he was acting in self-defense. The jury necessarily rejected this claim. Limitations on questions about the right to remain silent during voir dire were not likely to have impacted the jury's determination of credibility about self-defense when Appellant actually did testify.

Considering the record as a whole, we hold any error in the trial court's restrictions on questioning the prospective jurors about the right to remain silent did not affect Appellant's substantial rights. We overrule Appellant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

10