

# NUMBER 13-19-00549-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CRYSTAL MATA,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Crystal Mata pleaded guilty to murder, a first-degree felony enhanced as a habitual felony offender, and aggravated assault with a deadly weapon, a second-degree felony enhanced to a first-degree felony as a habitual felony offender. *See* TEX. PENAL CODE ANN. §§ 19.02(c), 22.02(a)(2). Trial commenced as to punishment only, and the jury assessed punishment at sixty and thirty years' imprisonment, respectively, to run

concurrently. By one issue, Mata argues that the trial court erred in sustaining the State's speculation objection, thereby abridging her right to testify and causing the jury to render a higher sentence. We affirm.

## I. BACKGROUND

At trial, Mata recounted the events preceding the murder. On the evening of April 11, 2018, she was getting high on crystal meth with Noe Rinche, whom she had met only four days earlier. Mata stated she and Rinche drove to his ex-girlfriend Greta Moya's house because he was tired of Moya withholding his children from him, so he was going to "shoot up her house." When Rinche realized no one was home, he fired four shots in the air instead. Mata testified that she was afraid to even look in Rinche's direction because she did not want him to threaten her with the gun.

They proceeded to a nearby gas station where they coincidentally ran into Moya and Moya's new boyfriend, Derrick Hahn, who was cleaning the windshield of his car. Mata stated she entered the store to pay for gas and purchase cigarettes. When she returned to the truck, she saw Hahn on the passenger side of Rinche's truck stating: "What, are you going to shoot me? Are you going to shoot me?" Hahn then retreated to his vehicle. Mata claims she insisted she and Rinche leave the premises, but Rinche told her, "Go take care of that for me . . . if you don't do it, I'm going to f—you up."

Mata claimed that she was instilled with fear of Rinche's retaliation and because Rinche had been brandishing the gun earlier that night. She then placed the gun in her purse and walked up to Hahn's vehicle. She heard Rinche stating, "Do it. Do it. You ain't got the balls to do it. You ain't got the balls to do it." She then heard Moya plead: "Get in

2

the car [Hahn]. Get in the car. I'm going to call the cops." After Hahn got into the car and Moya and Hahn drove away, Mata claims everything happened so fast, and she just shot at the back of the car. Moya was shot in the back and died as a result of the injury. The jury assessed punishment at sixty years' imprisonment for murder and thirty years' imprisonment for aggravated assault. *See id.* This appeal followed.

## II. EXCLUSION OF TESTIMONY

By her sole issue, Mata argues the trial court erred by sustaining the State's speculation objection and abridging her right to testify on her behalf.[1]

An error in sustaining the State's objection to the admission of a defendant's evidence is constitutional only if the "precluded evidence forms a vital portion of the defendant's case will such an error be considered constitutional error." *Easley v. State*, 424 S.W.3d 535, 540 (Tex. Crim. App. 2014). A constitutional violation may arise only if (1) the defendant is prohibited from offering otherwise relevant, reliable evidence vital to his defense; or (2) the "trial court's clearly erroneous ruling results in the exclusion of admissible evidence that forms the vital core of a defendant's theory of defense and effectively prevents him from presenting that defense." *Id.*

The relevant testimony Mata complains of is as follows:

[Defense:]    What did you do then, after he told you [Hahn was present]—

---

[1] The State responds that "[i]n order to properly prevent the jury from considering [Mata's] statements . . . and to preserve error thereon, the State would have had to ask for an instruction to disregard those already-made statements." However, this argument is misplaced. The State is not the appellant and not required to seek a limiting instruction for Mata to preserve error. Accordingly, the State's assertion that "Mata failed to preserve error" is meritless, and we address the merits of Mata's complaint. *See Unkart v. State*, 400 S.W.3d 94, 98–99 (Tex. Crim. App. 2013) (providing that the "traditional and preferred procedure" for a party to present a complaint and preserve error at trial is to (1) object in a timely manner, (2) request an instruction to disregard if the prejudicial event has occurred, and (3) move for a mistrial if the instruction to disregard seems insufficient).

[Mata:] I got off. I got off and I went to go pay for the gas. Well, before I paid for the gas I was browsing the store and I believe I got some gum and a pack of [Newports] and I paid for the gas. Well, when I turned around to walk out the door, I see—I already see from inside the door that [Hahn] is at the passenger door of the truck. And I was like, man, I was just thinking to myself, like what is he going to do now, you know? So when I walk out the store, I hear [Hahn] and he's like being really aggressive with [Rinche]. [Rinche]'s in the truck already because I don't see him pumping the gas. So all I hear [Hahn] saying is, "What, are you going to shoot me? Are you going to shoot me?" So when I heard him saying that, I knew [Rinche] had already threatened him with the gun—

[Defense:] You hadn't seen none of that—

[State:] Your Honor, I object.

[Mata]: No.

[State:] That calls for speculation.

The Court: Sustained.

[Defense]: You hadn't seen anything?

[Mata]: No.

[Defense]: Okay. So what happened, did you get back in the truck or what?

[Mata]: Yes, I did.

Mata asserts that sustaining the State's objection limited her ability to testify in her own defense. In her brief, she argues she was unable to narrate the condition of her mind at the time of the murder: "explaining what she saw and heard and what she reasonably concluded therefrom regarding the scuffle between the two men would have been helpful to the jury to obtain a clear understanding of the events surrounding the shooting and why she did what she did." We disagree. After reviewing the complained-of testimony, we find

4

that Mata indeed explained what she saw, heard, and what she concluded therefrom. That is, she testified about the scuffle between Hahn and Rinche and the conclusion that she drew: "[Rinche] had already threatened [Hahn] with a gun" even though she did not witness such a threat.

When the State objected on the grounds of speculation, the trial court sustained the State's objection. Immediately after the trial court sustained the objection, Mata again testified that she had not seen anything without objection from the State. Still, Mata states that her statement that Rinche had already threatened Hahn with a gun was "legitimate," such that the trial court should not have sustained the objection, and "there is nothing about that train of thought that is so speculative that it would not be helpful to the jury." Although the trial court sustained the State's speculation objection, the State did not request a limiting instruction, and the jury was not instructed to disregard that testimony. *See McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). With no instruction to disregard Mata's testimony, the jury was able to assess that it was Mata's belief that Rinche had already threatened Hahn with the gun.

Even though Mata asserts "the jury was not afforded the opportunity to understand the full landscape and significance of events transpiring that evening," based on the State's objection, she does not indicate what testimony she could have developed beyond what she had already testified to concerning her belief that Rinche had threatened Hahn with the gun. *See* TEX. R. EVID. 103 (a)(2) (providing that a party may claim error in a ruling to exclude evidence only if the error affects a substantial right of the party and the party informs the court of its substance by an offer of proof); *Mays v. State*, 285 S.W.3d

884, 890–91 (Tex. Crim. App. 2009) ("Because the appellant failed to make a proper offer of proof, we hold that he did not preserve his complaint for appeal."). In other words, Mata does not state what else she could have conveyed in addition to her testimony concerning what she thought Rinche had done to threaten Hahn.[2] Throughout her testimony, Mata specifically recounted her state of mind and that she was fearful of Rinche. After reviewing Mata's testimony, we conclude that her right to present mitigation evidence was not abridged by the trial court, and we overrule her sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of July, 2021.

---

[2] Mata concedes that she "testifies shortly thereafter that she felt under duress from [Rinche]."

6