**Affirmed and Memorandum Opinion filed April 18, 2024.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-22-00903-CR

### CARLOS ALEXANDER CASTILLO CRESPO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 21-DCR-095018**

### MEMORANDUM OPINION

A jury convicted appellant Carlos Alexander Castillo Crespo of continuous sexual abuse of a child and assessed punishment at imprisonment for 65 years. *See* Tex. Penal Code Ann. § 21.02(b).[1] In a single issue on appeal, appellant argues that the jury's exposure to a National Adoption Day event, in which the Children's

---

[1] The trial court pronounced sentence that appellant was guilty of "continuous aggravated sexual assault of a child," but the State brought the error to the trial court's attention, and the sentence was corrected.

Advocacy Center participated, violated his right to a fair trial and improperly influenced the jurors. We affirm the judgment as challenged on appeal.

## I.    BACKGROUND

Appellant met I.M. and I.M.'s mother in 2017.[2] Appellant and I.M.'s mother began dating, and appellant eventually moved in with I.M. and I.M.'s mother. In 2021, I.M.'s mother came home early from work and found appellant on top of her daughter, I.M., in bed; both of them were clothed and there was a pillow in between them. When I.M.'s mother attempted to confront appellant, he immediately left, and she called the police. Appellant gave a custodial interview after his arrest, during which he waived his *Miranda* rights and confessed to the continuous sexual abuse of I.M., who was 13-years old at the time of trial. I.M. testified that appellant sexually abused her on multiple occasions, beginning when she was 8-years old.

Appellant was charged by indictment with continuous sexual abuse of I.M. During opening statements, appellant's attorney conceded that "the evidence is very likely overwhelming of [appellant's] guilt." After the jury found appellant guilty and during the punishment phase, appellant admitted to having "romantic" feelings for I.M.; he further admitted to having sex with I.M. and acknowledged that I.M. was in elementary school at the time. Appellant requested a mistrial based on the jury's exposure to the Adoption Day event, which the trial court denied.

---

[2] To protect her identity, the complainant is referenced by using a pseudonym. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and respect for the victim's dignity and privacy throughout the criminal justice process"); Tex. R. App. P. 9.8 cmt.; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

## II. ANALYSIS

In his sole issue, appellant argues that the jury's exposure to the Adoption Day event, in which the Children's Advocacy Center participated, violated his right to a fair trial and improperly influenced the jurors.

### A. Standard of review and applicable law

We review a trial court's denial of a mistrial for an abuse of discretion. *See Ocon v. State,* 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). We view the evidence in the light most favorable to the trial court's ruling. *Id.* The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

"The Fourteenth Amendment incorporates the essence of the Sixth Amendment right to be tried by impartial, indifferent jurors whose verdict must be based upon the evidence developed at trial." *Howard v. State*, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996), *overruled on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014). When a defendant claims reversible error based on external juror influence, as here, the defendant must show either actual or inherent prejudice. *See Howard*, 941 S.W.2d at 117. Appellant relies solely on the latter—inherent prejudice—and does not argue actual prejudice.

To determine inherent prejudice, we look to whether "an unacceptable risk is presented of impermissible factors coming into play." *Holbrook v. Flynn,* 475 U.S. 560, 570 (1986). The test is whether there is a "reasonable probability that the conduct or expression interfered with the jury's verdict." *Howard,* 941 S.W.2d at 117. Inherent prejudice "rarely occurs and is reserved for extreme situations." *Id.*

### B. Analysis

Appellant asserts he was subject to inherent prejudice based on the jury's exposure to the Adoption Day event on the same floor of the courthouse as his

trial.

During the guilt phase of trial, the trial court held a hearing outside the presence of the jury on appellant's motion for mistrial and continuance. In his motion, appellant alleged that the jurors were exposed to a celebratory event—including balloons, face-paintings, and refreshments—in the courthouse, which allegedly prejudiced appellant and violated his right to a fair trial. *See* U.S. Const. amend. XIV. According to appellant, holding such a huge event, especially in a location that the jurors were required to walk through, tainted the jury or at least gave the impression that the court was not truly impartial but rather favored complainants. Additionally, it was noted that the director of the Children's Advocacy Center was the first witness called at trial, and the Children's Advocacy Center had a booth at the event. This allegedly might have given the director additional credibility in the jurors' eyes.

The State argued that the Children's Advocacy Center was only one of 13 organizations participating in the event. More importantly, the State argued there was no prejudice to appellant in light of the overwhelming evidence of his guilt, including appellant's own confession and appellant's counsel conceding to the jury during his opening statement that it would likely find appellant guilty. Although the trial court noted for the record there was a celebration for National Adoption Day going on in the courthouse on the day of appellant's trial, the trial court denied appellant's motion for mistrial and continuance.

There is no allegation that appellant's trial was ever mentioned at the event, and the circumstances in the present case are far less extreme than other cases in which no inherent prejudice was found. *See Howard*, 941 S.W.2d at 117 (concluding that twenty uniformed officers appearing in court did not constitute inherent prejudice); *Parker v. State*, 462 S.W.3d 559, 568 (Tex. App.—Houston

[14th Dist.] 2015, no pet.) (concluding that 60-70 spectators all wearing purple in the courtroom "to show support for the State and to make statements against family violence" did not establish inherent prejudice).

We conclude that the record does not reveal an unacceptable risk of impermissible factors affecting the jury. Therefore, the trial court did not abuse its discretion in denying appellant's motion for mistrial.

We overrule appellant's sole issue.

### III.   CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/      Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).