

IN THE
TENTH COURT OF APPEALS

No. 10-20-00065-CR

WEST JEROME HAMILTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-978-C1

MEMORANDUM OPINION

West Jerome Hamilton was convicted of possession of a controlled substance, cocaine, in an amount less than one gram, enhanced, and sentenced to 10 years in prison. *See* TEX. HEALTH & SAFETY CODE § 481.115. Because the trial court's error, if any, in limiting Hamilton's voir dire examination was harmless, we affirm the trial court's judgment.

LIMITING VOIR DIRE

In Hamilton's sole issue, he complains the trial court abused its discretion in preventing him from inquiring during voir dire about the panel's attitudes concerning

the high incidence of [young][1] black men incarcerated for drug offenses and the panel's attitudes about drug addiction and rehabilitation. A trial court's ruling regarding the limitation of questioning during jury selection is reviewed for an abuse of discretion. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012). As a reviewing court, our focus is whether the question is proper. *See id*. A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003). Hamilton contends his questions were applicable to the punishment phase of the trial.

Hamilton was permitted to ask the panel about its attitudes on drug addiction and rehabilitation. Thus, there was no error. As to the question regarding the panel's attitudes concerning the high incidence of young black men incarcerated for drug offenses, the following transpired:

> COUNSEL: Does it bother anyone that we seem to have an inordinately large number of young black men serving large jail sentences for offenses involving relatively small amounts of drugs? Now I'm not asking for numbers again. I'm just throwing this out there, and if you all don't want to raise your hand, if you just want to -- that's fine, too. What I'm trying to do is just kind of feel the temperature of the room. Is there anyone else who's bothered by that?
>
> THE VENIRE: (Show of cards.)

When Hamilton asked for comments, at least one panel member raised her hand and asked to have the question repeated. After the question was repeated and the panel member answered, Hamilton asked another question relating to the repeated question

---

[1] The word, "young" was part of the question Hamilton wanted to ask the panel. Hamilton left it out of his issue.

and received an answer. The trial court then stated, "… we're not getting into race issues here. That's out of bounds." After Hamilton objected and the objection was overruled, Hamilton concluded his voir dire examination a few moments later.

Hamilton was allowed to ask the question and was allowed to receive a visual of those panel members who were bothered by the "inordinately large number of young black men serving large jail sentences for offenses involving relatively small amounts of drugs." He was not, however, allowed to verbally explore what bothered those panel members. Assuming without deciding this was error, Hamilton was not harmed.

HARM ANALYSIS

Generally, the denial of appropriate questioning during voir dire constitutes non-constitutional error which is subject to a harm analysis. *See* TEX. R. APP. P. 44.2(b); *Easley v. State*, 424 S.W.3d 535, 541 (Tex. Crim. App. 2014). There may be instances when a judge's limitation on voir dire is so substantial as to warrant labeling the error as constitutional error subject to a Rule 44.2(a) harm analysis. *Easley*, 424 S.W.3d 541. This case is not such an instance.

Under Rule 44.2(b), we disregard all non-constitutional errors that do not affect the appellant's substantial rights. TEX. R. APP. P. 44.2 (b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). In conducting the harm analysis, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of

the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Rich*, 160 S.W.3d at 577. *See also Easley v. State*, 424 S.W.3d 535, 542 (Tex. Crim. App. 2014).

Our review of the record shows that Hamilton was arrested on an outstanding warrant and when asked if he had anything illegal, Hamilton responded that he had "dope" in his sock. It was cocaine. Hamilton was not necessarily young at the time of his arrest—he was 42. He had been arrested and convicted of one other drug offense, possession of heroin. Yet, Hamilton still had an extensive criminal history: four pending family violence cases and 16 prior convictions. He was sentenced to prison one time—4 years for assault family violence. The remaining convictions, including the drug offense, resulted in confinement in a state jail facility or a county jail. Hamilton's mother testified at punishment that Hamilton started using drugs at an early age and needed tools and rehab to help Hamilton with his drug problem. She admitted, however, that Hamilton had been offered help several times by the family, but had never accepted the offer.

**CONCLUSION**

After reviewing the record, we do not find the trial court's error, if any, had a substantial and injurious effect or influence in determining the jury's verdict at either phase of the trial. Accordingly, Hamilton's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed February 23, 2022
Do not publish
[CR25]

